IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | |
|---|---|
| Ashley Nicole Haywood, Parent and Natural Guardian of I.W. a minor, Plaintiff, | Case No. 7:26-cv-00751-DCC |
| v. | **ORDER** |
| Dr. Ken Kiser, Ann Means, Elizabeth Haun, Keith Burton, Vickie McClain, Mandie Allen, Nolan Sarratt, Spartanburg Police Department, Spartanburg School District 6, Amanda Allen, Defendants. | |

This matter is before the Court on Plaintiff's complaint and amended complaint alleging violations of his civil rights.[1] ECF Nos. 1, 17. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), this matter was referred to United States Magistrate Judge William S. Brown for pre-trial proceedings and a Report and Recommendation ("Report"). On March 17, 2026, the Magistrate Judge issued a Report recommending that this action be dismissed without further leave to amend and without

[1] The Court notes that the docket contains only the Defendants listed in the original complaint while the Report lists only the Defendants named in the amended complaint. As the Magistrate Judge reviewed both the original complaint and the amended complaint, all named Defendants are listed in the caption of this order. Further, because this action is dismissed based upon review of the claims and not the parties, the Court finds that this discrepancy is not material.

issuance and service of process. ECF No. 20. The Magistrate Judge advised Plaintiff of the procedures and requirements for filing objections to the Report and the serious consequences for failing to do so. Plaintiff filed objections. ECF No. 24.

## APPLICABLE LAW

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a de novo determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b). The Court will review the Report only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that “in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.” (citation omitted)).

## ANALYSIS

As an initial matter, the Magistrate Judge has provided a thorough recitation of the relevant facts and applicable law, which the Court incorporates by reference. The Magistrate Judge reviewed both the original complaint and the amended complaint in making his recommendations. The Court will do likewise and will proceed through each

of Plaintiff's claims. Because Plaintiff filed objections, the Court's review has been de novo except where specifically stated below.

***Claims on Behalf of Her Minor Child***

In the original complaint, Plaintiff made allegations on behalf of her minor child. She omitted these claims, in large part, from the amended complaint and states in her objections that she understands that she cannot bring these claims on behalf of her minor child. Accordingly, upon review for clear error, the Court agrees with the recommendation of the Magistrate Judge and dismisses any claims brought on behalf of I.W., a minor child.

***Fourth Amendment Claim***

The Magistrate Judge recommends dismissal of any Fourth Amendment claim brought by Plaintiff on her own behalf because she fails to plausibly allege that she suffered a Fourth Amendment violation. Plaintiff does not specifically address this portion of the Report. Accordingly, upon review for clear error, the Court agrees with the recommendation of the Magistrate Judge and dismisses any Fourth Amendment claim brought on behalf of Plaintiff.

***Due Process Claim***

The Magistrate Judge recommends summary dismissal of Plaintiff's Due Process claim premised upon a violation of her right to the care and custody of her child. Plaintiff objects and argues that she has a fundamental liberty interest in the care, custody, and control of her child including the ability to make decisions regarding her child's welfare and to be involved in significant actions taken against her child by state actors. She states that school policy was violated in the search of her child's backpack and recounts the

various events that she contends were wrong in the performance of the search, including that it was unjustified. Plaintiff states that she suffered severe emotional distress as a result.

As explained in significant detail by the Magistrate Judge, Plaintiff has failed to plausibly allege that any liberty interest she has in the care and custody of her child was violated. *See* ECF No. 20 at 11–12 (collecting cases). Briefly, various courts have found that an in-school search and/or interview does not violate a parent's liberty interests. *See*, *e.g.*, *K.D. ex rel. Duncan v. White Plains Sch. Dist.*, 921 F. Supp. 2d 197, 216 (S.D.N.Y. 2013) (dismissing procedural due process claim based on the in-school interview of a minor child without parental consent in connection with an abuse investigation, "because there is no legal authority to support the conclusion that such an interview violates the parents' liberty interest"). Accordingly, upon de novo review, the Court agrees with the recommendation of the Magistrate Judge and dismisses Plaintiff's Due Process claim.

***Municipal Liability***

The Magistrate Judge recommends that Plaintiff's municipal liability claim against Spartanburg District 6 be dismissed. He construed the claim pursuant to *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978). Plaintiff objects and argues that she has alleged that "multiple school officials and a law enforcement officer participated in or permitted the actions at issue, provided inconsistent explanations, and failed to provide transparency or corrective action afterward," which creates "a reasonable inference, at the pleading stage, that the conduct was enabled by deficiencies in training, supervision,

or accepted practices within [Spartanburg] District [6]." ECF No. 24 at 3–4. She further asserts that school policies were violated in conducting the search.

As explained in more detail by the Magistrate Judge, Plaintiff's failure to plausibly allege a constitutional injury precludes a claim proceeding on a municipal liability theory. *See Hill v. Robeson Cnty., N.C.*, 733 F. Supp. 2d 676, 683 (E.D.N.C. 2010) ("Alleging that a municipal employee . . . committed a constitutional violation is necessary in order to state a claim against a municipality"). Further, while Plaintiff states that she has sufficiently alleged a failure to train or supervise, the complained-of conduct, including violating school policies, being inconsistent, and failing to be transparent, does not rise to the level of a constitutional violation. Accordingly, upon de novo review, the Court agrees with the recommendation of the Magistrate Judge and dismisses Plaintiff's municipal liability claim.

## **CONCLUSION**

Upon review of the Report, the record, and the applicable law, the Court agrees with the recommendation of the Magistrate Judge. This action is **DISMISSED** without prejudice, without issuance and service of process, and without leave to amend.

IT IS SO ORDERED.

s/ Donald C. Coggins, Jr.
United States District Judge

November 17, 2026
Spartanburg, South Carolina

**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified that any right to appeal this order is governed by Rules 3 and 4 of the Federal Rules of Appellate Procedure.